Honorable Wilhelmina Delco Chairman Committee on Higher Education House of Representatives Austin, Texas 78769
Re: Construction of General Appropriations Act provision on compensatory time for employees required to work on holidays
Dear Representative Delco:
You have requested our opinion regarding the construction of a provision of the General Appropriations Act regarding compensatory time for certain employees. Acts 1981, 67th Leg., ch. 875, art. V, § 6c, at 3798. Section 6c of article V of the current act provides in pertinent part:
 Each state agency and institution and agencies of higher education will, during the biennium, have on hand enough personnel to carry on the activities of each institution or agency so that the public business can be carried on during that period. Those employees who are working during that holiday period will be allowed compensatory time off at a later time. The supervisor in charge may require the employee to give reasonable notice in advance of taking compensatory time off but may not require that the employee specify the reason for which the compensatory time is to be taken. . . .
Agencies who have work schedules other than provided in Article 5165a, Section 2, will insure that employees working these schedules observe the equivalent number of holidays each year as employees working normal office hours.
You ask:
 Was it the legislative intent to extend the privilege of input in deciding which days could be taken as compensation for holidays to both regular hour employees and rotating or shift time employees?
You state that agencies with employees on rotating shifts have in the past allowed those employees to decide when to take compensatory time. In our opinion, the language of the appropriations act does not authorize the employee to insist that compensatory time be used only on a particular date or at a particular hour. The agency is required by the rider to have on hand enough personnel to carry on public business. This requirement is one factor that may prevent the use of compensatory time on a particular date. We believe that both the employee and his supervisor should have in mind a range of alternatives, so that the employee is enabled to use his time when most convenient for him to do so, and, on the other hand, so that the work of the agency is not unduly disturbed by his absence. The employee's `privilege of input' does not give him the exclusive right to determine when compensatory time will be taken.
In our opinion, the General Appropriations Act makes no distinction between regular employees and those on rotating schedules or shifts. The only purpose of the second paragraph quoted here is to insure that rotating employees receive the same amount of holiday time as regular employees. The same flexibility as is contemplated for regular employees should also be practiced by rotating or shift employees and their supervisors.
 SUMMARY
The General Appropriations Act contemplates a shared responsibility between employee and supervisor with regard to the use of compensatory time. The act makes no distinction for this purpose between regular employees and rotating or shift employees.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General